IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-30812
Summary Calendar

_____


UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

v.

JAMES A NORRIS, JR,

                              Defendant-Appellant.

_____

Appeal from the United States District Court
for the Western District of Louisiana
(97-CR-30007-1)
_____
June 9, 1998
Before KING, HIGGINBOTHAM, and DAVIS, Circuit Judges.

PER CURIAM:[*]

     Defendant-appellant James A. Norris, Jr. appeals the

district court's denial of his motion to dismiss his indictment

for perjury pursuant to 18 U.S.C. § 1623.  The indictment alleged

that, on four separate occasions, Norris lied under oath when he

told the bankruptcy court that he burned United States currency

in the amount of $500,000.  He argues that this prosecution

_____

     [*]Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIRCUIT
RULE 47.5.4.

violates the Double Jeopardy Clause of the Constitution because he had already been punished for his alleged misrepresentations by being imprisoned pursuant to a civil contempt order.

The Double Jeopardy Clause protects against only successive criminal prosecutions for the same offense.  See Hudson v. United States, 118 S. Ct. 488, 493 (1997).  Double jeopardy does not bar Norris's prosecution for perjury because his imprisonment pursuant to the civil contempt order did not amount to a criminal penalty.  See id.; cf. Norris v. Johnson (In re Norris), No. 96-30146, at 24 (5th Cir. Apr. 11, 1997) (unpublished) (rejecting Norris's argument on appeal of the bankruptcy court proceeding that the civil contempt order was really criminal).

AFFIRMED.